### STATE v. HENRY SMITH.

If, upon a case agreed, a special verdict, or a demurrer to evidence, it appears that there was evidence of a fact, necessary to make the defendant guilty, this Court cannot affirm a judgment against him, notwithstanding the objection is raised for the first time in this Court.

Upon the trial of an indictment for "cheating by false tokens," it was in evidence that the defendant obtained fifteen cents in money from the prosecutor, the bill of indictment charging him with having received three dollars: *Held*, that the variance was immaterial.

INDICTMENT, under the statute, for *cheating by false tokens*, tried before BUXTON, J., at Fall Term, 1875, of CUMBERLAND Superior Court.

The bill charged that the defendant, " unlawfully, knowingly and designedly did falsely pretend to J. W. Vickers that two barrels of sand and turpentine, then and there produced by the said Henry Smith and offered for sale to the said J. W. Vickers, was good yellow dip turpentine and was then and there of the usual market value.   *   *   *   The said Henry Smith did then and there unlawfully, knowingly and designedly obtain from the said J. W. Vickers the sum of three dollars of the money of the said J. W. Vickers, with the intent," &c.

The prosecutor testified :   The barrels containing turpentine and sand were brought to my house by the defendant on Saturday before the 3d of June last.   He told me he had some turpentine to sell me.   He had two barrels. I weighed

it and marked the barrels with his name, my usual precaution. I bought it and paid the usual market price. When I went to distil the turpentine I turned it into the still and found a considerable amount of black sand in the bottom of the barrel and a good deal had run in the still. I rolled the barrel off and emptied it on the ground. Several days afterward I tried the other barrel. Black water had risen on the top of it, and upon emptying it I found sand in this too, and had to pour it back to keep from ruining my still. There was more than half a bushel of sand in each barrel. I had asked him if it was good turpentine. He said it was yellow dip. He did not say anything about sand. What turpentine was in the barrel was good yellow dip. I was paying at that time $1.60 per barrel for turpentine. I paid him fifteen cents in money, to pay the boy for hauling, and the balaance in goods.

Upon the foregoing evidence there was by agreement a verdict of guilty, subject to be set aside in case the Court should be of opinion with the defendant :

1. That the false pretense charged was not calculated to deceive.

2. That there was a fatal variance between the *allegata* and the *probata*, for that the bill of indictment charged the defendant with obtaining the sum of three dollars, whereas it was in evidence that he only received fifteen cents of the prosecutor's money.

His Honor ruled against the prisoner upon both of these points. Judgment was pronounced and the prisoner appealed.

*Attorney General Hargrove* and *Battle & Son*, for the State.
*Guthrie*, for the prisoner.

Rodman, J. 1. The record shows that certain evidence was introduced for the State and proceeds : " Upon the fore-

STATE *v.* SMITH.

going evidence there was, by agreement, a verdict of guilty, subject to be set aside by the Court, and a verdict of not guilty to be entered in case the Court should be of opinion with the defendant upon either of the two points of law, one growing out of objections to the sufficiency of the indictment, the other growing out of a variance between the allegations and the proof."

The Judge refused to disturb the verdict or to arrest the judgment. A new trial is moved for in this Court on the ground that there was no evidence of a *scienter*, that is, that defendant knew of the mixture of the sand with the turpentine. It is admitted that such evidence was necessary to justify the verdict. It is also clear that the Judge professes to set forth all the evidence, and that there was none tending to establish the guilty knowledge. It is said for the State, however, that this objection was not taken below, and that, by the agreement, the verdict was to stand unless the Judge should be of opinion with the defendant on one of the two given propositions, and that our consideration must be confined to those. We are of opinion that notwithstanding the objection was not taken below, it is open here under the circumstances. Upon a case agreed, or a special verdict, or a demurrer to evidence, under one of which heads this proceeding must come, if it appears that there was no evidence of a fact necessary to make the defendant guilty, this Court cannot affirm the judgment against him.

For the reason above there must be a new trial.

2. It is unnecessary to express any opinion as to the sufficiency of the indictment, as probably the Solicitor will think it prudent to send a new bill.

3. We concur with the Judge that the supposed variance was immaterial.

Let this opinion be certified.

PER CURIAM.          Judgment reversed, and *venire de novo.*